*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

DAVID WELLS, JR.,

        Plaintiff-Appellee,

and

ASCENSION PROVIDENCE HOSPITAL,
LABSER PLC, and GO TRANS GO LLC,

        Intervening Plaintiffs-Appellees,

v

CITIZENS INSURANCE COMPANY OF THE
MIDWEST,

        Defendant-Appellee,

AUTO CLUB GROUP INS CO,

        Defendant-Appellant,

and

MANHAL WADIE TOBIA,

        Defendant.

UNPUBLISHED
April 14, 2025
10:59 AM

No.  368673
Wayne Circuit Court
LC No.  23-006079-NI

Before:  YATES, P.J., and O'BRIEN and FEENEY, JJ.

PER CURIAM.

-1-

Defendant-appellant, Auto Club Group Insurance Company, appeals by leave granted[1] the trial court's order denying Auto Club's motion for summary disposition brought under MCR 2.116(C)(10) and dismissing defendant-appellee, Citizens Insurance Company of the Midwest—the insurer assigned to the claim made by plaintiff, David Lee Wells, Jr. (David Jr.), to the Michigan Assigned Claims Plan (MACP)—from the case without prejudice. This case arose after David Jr. was injured in a vehicle collision and tried to claim benefits under a policy issued by Auto Club to David Jr.'s father, David Lee Wells, Sr. (David Sr.). The intervening-plaintiffs—Ascension Providence Hospital, Labser PLC, and Go Trans Go LLC—are medical providers attempting to collect no-fault benefits for services rendered to David Jr. to treat injuries he sustained in the collision.

After the collision, Auto Club discovered that David Jr. was living with David Sr., but David Sr. failed to disclose this fact in his application for insurance. Upon discovering this information, Auto Club purported to rescind David Sr.'s policy and sent him a refund check, which David Sr. cashed. Shortly after litigation began, Auto Club moved for summary disposition, arguing that David Sr. made a material misrepresentation in his application for insurance which entitled Auto Club to rescind the policy, and that David Sr. had otherwise agreed to rescind his policy by cashing the refund check. All of the other parties opposed the motion, except for defendant Manhal Wadie Tobia, the driver of the other vehicle involved in the collision, who did not file a response. Citizens, while opposing Auto Club's motion, went a step further than the other parties and asked the trial court to dismiss Citizens from the case because, even if Auto Club could rescind its policy with David Sr., the equities did not favor extending that rescission to David Jr. as an innocent third party. At the hearing on Auto Club's motion, the trial court held that Auto Club had not presented sufficient evidence to establish that David Sr. had made a material misrepresentation in his application for insurance, and that, regardless, the equities did not favor making the rescission effective as to David Jr. as an innocent third party. In light of the latter conclusion, the trial court held that Auto Club was responsible for David Jr.'s claim and dismissed Citizens from the case.

For the reasons explained in this opinion, we affirm the trial court's denial of Auto Club's motion for summary disposition on grounds that (1) Auto Club's motion for summary disposition was premature and (2) even if Auto Club was entitled to rescind its policy with David Sr., there is a question of fact whether David Jr. is an innocent third party. But we reverse the court's dismissal of Citizens because, again, we conclude that there is a question of fact whether David Jr. is an innocent third party. With these errors corrected, we remand this case back to the trial court for further proceedings.

---

[1] *Wells v Citizens Ins Co of the Midwest*, unpublished order of the Court of Appeals, issued April 8, 2024 (Docket No. 368673).

# I. BACKGROUND

David Jr. was injured in a car collision in July 2022 while occupying a vehicle owned by his father, David Sr., and insured by Auto Club. The collision occurred when David Jr. was rear-ended while sitting at a red light.

At some point after the collision, Auto Club discovered that David Sr. made a misrepresentation in his application for insurance. According to David Jr.'s deposition testimony, he had lived with his parents for the last 20 years. Yet, in David Sr.'s application for insurance with Auto Club, which was filled out in March 2022, David Sr. did not disclose David Jr. as a resident relative, and David Jr. was not otherwise named in the policy.

On August 16, 2022, Auto Club sent David Sr. a letter informing him that his failure to disclose that David Jr. lived in his home amounted to a material misrepresentation, which entitled Auto Club to rescind the policy. Auto Club's letter elaborated:

> Since we would have issued a policy at a higher premium or not at all if the true facts had been known, we must conclude that material facts or circumstances relating to this insurance and the declarations, or application for, or renewal of the policy were concealed or misrepresented. Therefore, by application of General Condition 15, 17, and 22 of your Automobile Policy, the coverage under this policy is rescinded; that is, it is void as of April 4, 2022. You will receive a refund or credit of premium for this policy.

On August 26, 2022, David Sr. cashed a check for $1,215.35 issued by Auto Club to David Sr., presumably representing David Sr.'s refund for the premiums he paid for his policy.

On May 12, 2023, David Jr. filed the complaint giving rise to this action. The complaint alleged claims against Auto Club, Citizens as David Jr.'s MACP-assigned insurer, and Tobia (the other driver involved in the accident). As relevant to this appeal, David Jr.'s complaint requested unpaid no-fault benefits from Auto Club and Citizens. The medical providers—Ascension, Labser, and Go Trans Go—were all granted leave to intervene as plaintiffs, and all filed intervening complaints.

Shortly after this litigation began and long before discovery ended, Auto Club moved for summary disposition under MCR 2.116(C)(10). Auto Club's motion is difficult to follow, but it generally contended that Auto Club was entitled to rescind its policy with David Sr. because David Sr. made a material misrepresentation, and that David Jr. could not claim benefits through David Sr.'s policy because the policy had been mutually rescinded. Auto Club's motion did not provide much detail about Auto Club's material-misrepresentation argument; the motion does not identify precisely what David Sr.'s misrepresentation was or how the misrepresentation was material. Auto Club's motion generally focused on the mutual-rescission argument, contending that, after it learned that David Sr. made a material misrepresentation, Auto Club sent David Sr. a refund check, which he cashed, thereby agreeing to rescind his policy with Auto Club. Auto Club added that, if David Jr. was an innocent third party, then the equities favored rescinding the policy as to him because David Jr. had an alternative avenue for recovery through Citizens. Auto Club alternatively argued that David Jr. should be excluded from receiving PIP benefits because the policy that Auto

Club issued to David Sr. did not offer such benefits to anyone named in the policy. Auto Club explained that David Sr. opted for a policy under MCL 500.3107d(1), and, as part of doing so, he agreed that everyone covered by his policy would not receive benefits, which would have included David Jr. had he been disclosed.[2]

On October 10, 2023, Citizens responded to Auto Club's motion for summary disposition, asking the trial court to deny Auto Club's motion and to dismiss Citizens from the case. Citizens contended that Auto Club had not established that it could rescind the policy it issued to David Sr. on grounds of fraud because Auto Club had not provided any evidence that it would have charged a different premium but for David Sr.'s fraud. Citizens added that even if Auto Club could rescind the policy, David Jr. was an innocent third party, so the court needed to weigh the equities to determine whether rescission was proper as to David Jr. Citizens contended that, if the court reached this issue, the equities did not favor rescinding the policy as to David Jr. because he was not involved with procuring the policy, and he did not have any knowledge about what information David Sr. provided on his application for insurance. Citizens also disagreed with Auto Club that David Jr. had an alternate source of recovery, contending that David Jr. could not recover from Citizens as an MACP-assigned insurer because David Jr. could claim benefits under Auto Club's policy with David Sr. Citizens alternatively argued that, if Auto Club's argument related to MCL 500.3107d(1) was correct, then Citizens would not have to provide benefits to David Jr. either.

Ascension responded to Auto Club's motion for summary disposition on October 11, 2023. Ascension's motion began by highlighting that Auto Club did not provide any evidence supporting (1) that David Sr. made a misrepresentation in his application for insurance or (2) that any misrepresentation in David Sr.'s application was material. On the first point, Ascension observed that Auto Club had not provided any evidence related to the application process, including the application itself. On the second point, which related to the first, Ascension argued that Auto Club's motion was premature because discovery had not yet closed and further discovery—including of Auto Club's underwriting file—had a fair chance of uncovering factual support for Ascension's position. Ascension alternatively argued that, if Auto Club could and did rescind its policy with David Sr., the rescission should not be effective as to David Jr. as an innocent third party because, balancing the equities, Auto Club should have to bear the burden of the policy it issued. As for Auto Club's opt-out argument, Ascension contended that Auto Club misunderstood the significance of its policy—David Sr. selected a policy under MCL 500.3109a(2), which was different from a complete opt-out of PIP benefits under MCL 500.3107d(1). Auto Club failed to appreciate this difference, Ascension explained, which led Auto Club to rely on the wrong statute for its argument.

---

[2] Auto Club filed two motions for summary disposition. The first was filed on July 18, 2023, against Ascension and David Jr. The second, nearly identical motion was filed on September 8, 2023, against Labser and Go Trans Go, which were added as parties since Auto Club filed its initial motion.

David Jr. concurred with Ascension's arguments for why Auto Club's motion for summary disposition should be denied. Labser and Go Trans Go concurred with Ascension's arguments and plaintiff's concurrence.

Auto Club filed a reply to all the parties' answers on October 23, 2025. In response to the nonmoving parties' criticism that Auto Club had not shown that David Sr. lied in his application for insurance, Auto Club attached the application for insurance and highlighted the portion of the application that asked David Sr. to list "all resident relatives (including unlicensed resident relatives)," and David Sr.'s response did not list David Jr.

At the hearing on Auto Club's motion, after the parties generally argued consistent with their briefing, Citizens repeated its request that it be dismissed from the case, arguing that its dismissal was proper because Auto Club could not rescind David Sr.'s policy with respect to David Jr., who was an innocent third party. Ascension responded by asking that, if Citizens is dismissed, the court clarify that Auto Club is liable for David Jr.'s benefits under the policy Auto Club issued to David Sr.

In ruling on Auto Club's motion, the trial court first considered David Sr.'s application for insurance, noted that the application did not ask David Sr. whether he listed all resident relatives as part of the "underwriting eligibility question[s]" portion of the application, and concluded that this established that there was not "any fraud in this application." The trial court also agreed with the nonmoving parties that Auto Club had not produced any evidence to support that David Sr.'s alleged misrepresentation was material, i.e., that Auto Club would have charged David Sr. a higher premium had he disclosed David Jr. as a resident relative.

The court then turned to whether, assuming that Auto Club was entitled to rescind the policy it issued to David Sr., that rescission would be effective as to David Jr. as an innocent third party. The court concluded that it would not. In support of this conclusion, the court reasoned that Auto Club could have uncovered David Sr.'s fraud with "a simple question on the policy . . . as to who are all your drivers in the household." This factor thus weighed against rescission, in the court's opinion. The court next considered the fact that David Jr. was David Sr.'s son, but concluded that David Jr.'s familial relationship with David Sr. did not favor rescission because there was no evidence that David Jr. was aware of David Sr.'s fraud. This in turn weighed against rescission. The court next noted that the evidence generally suggested that David Jr. was not at fault for the accident, which also weighed against rescission. Considering alternative avenues for recovery for David Jr., the court concluded that no alternate avenue for recovery was available because, if Auto Club's policy was rescinded, "Citizens would file its own motion because [David Jr.] should have been listed as a resident relative, and as a result, there would be no coverage through" Citizens. The court thus concluded that this factor, too, weighed against rescission. With these findings, the court concluded that Auto Club was "the first in order of priority and responsible for payment," so it dismissed Citizens from the case. The court did not grant further relief, explaining that any party wishing for additional relief needed to file their own motion.

The court entered an order denying Auto Club's motion for summary disposition and dismissing Citizens from the case without prejudice on October 26, 2023. The order did not explain why Citizens was dismissed without prejudice.

Auto Club filed an application for leave to appeal, which this Court granted. This case is now before this Court for plenary review.

## II. PRESERVATION

Auto Club raises two issues on appeal: whether the trial court correctly concluded that David Sr. did not make a material misrepresentation on appeal, and whether the trial court properly weighed the equities when considering whether to make a rescission of Auto Club's policy with David Sr. effective as to David Jr. as an innocent third party. Before reaching the substance of those issues, the parties dispute on appeal whether the issues are preserved for our review.

An issue is preserved if a party raises it in the trial court. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). A party on appeal is not required to regurgitate the same argument it made to the trial court—"so long as the issue itself is not novel, a party is generally free to make a more sophisticated or fully developed argument on appeal than was made in the trial court." *Id*. at 228.

Auto Club argued in the trial court that David Sr. made a material misrepresentation in his application for insurance, and the trial court held that Auto Club's evidence was insufficient to establish its argument. Accordingly, whether David Sr. made a material misrepresentation in his application for insurance is preserved. Auto Club also argued in the trial court that the equities favored extending the rescission of David Sr.'s policy to David Jr., so that issue, too, is preserved. Several appellees contend on appeal that Auto Club did not preserve the issues it raises on appeal because Auto Club makes more developed arguments on appeal than it made before the trial court. That is not fatal for preservation purposes, however, because "so long as the issue itself is not novel, a party is generally free to make a more sophisticated or fully developed argument on appeal than was made in the trial court." *Id*. at 228. For these reasons, the issues that Auto Club raises on appeal are preserved.

## III. STANDARD OF REVIEW

This case was before the trial court on a motion for summary disposition. A trial court's ruling on a summary disposition is reviewed de novo. *Neal v Wilkes*, 470 Mich 661, 664; 685 NW2d 648 (2004). Auto Club moved for summary disposition under MCR 2.116(C)(10). A motion filed under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, in the light most favorable to the party opposing the motion." *Id*. at 119-120. A motion for summary disposition under MCR 2.116(C)(10) is properly granted when a claim presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018). A genuine issue of material fact exists when, after viewing the evidence in a light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

The basis on which the trial court considered and granted Citizens' request for dismissal is unclear. Presumably, though, after the trial court denied Auto Club's motion for summary

disposition, it granted summary disposition in favor of Citizens (and accordingly dismissed Citizens from the case) under MCR 2.116(I)(2), which states, "If it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party."

A trial court's decision to grant or deny rescission—including whether to make a rescission effective as to an innocent third party—is reviewed for an abuse of discretion. *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 405; 952 NW2d 586 (2020). Findings of fact in support of such a decision are reviewed for clear error. See *id*. This latter standard is inapplicable here because this issue was before the court at the summary-disposition stage, and "[a] court may not make findings of fact when deciding a summary disposition motion." *Price v Kroger Co of Michigan*, 284 Mich App 496, 500; 773 NW2d 739 (2009). Instead, at the summary-disposition stage, the trial court must view the evidence in the light most favorable to the nonmoving party. *Allison*, 481 Mich at 425. This means that, if parties file competing motions for summary disposition on whether equity favors extending the rescission of an insurance policy to an innocent third party, the court hearing the motions may have to conduct separate analyses, with each analysis viewing the evidence in the light most favorable to the nonmoving party. If, after doing so, the trial court is unable to render a decision in favor of either moving party, the case must proceed to an evidentiary hearing, after which the trial court can make findings of fact and decide whether equity favors rescinding the policy as applied to the innocent third party.

## IV. MATERIAL MISREPRESENTATION

On appeal, Auto Club first contests the trial court's conclusion that Auto Club's evidence was insufficient to establish that David Sr. made a material misrepresentation in his application for insurance.

To rescind a no-fault policy on the basis of "preprocurement misrepresentations," an insurer must show that (1) the insured made a material representation; (2) that representation was false; (3) the insured knew that the representation was false, or made the representation recklessly without knowledge of its truth; (4) the insured made the representation intending for the insurer to rely on it; (5) the insurer in fact relied on the representation; and (6) the insurer suffered injury as a result of that reliance. *Howard v LM Gen Ins Co*, 345 Mich App 166, 173; 5 NW3d 46 (2023). The trial court held that Auto Club failed to present evidence establishing the first two elements, and that is what the parties principally dispute on appeal—whether Auto Club's evidence established that David Sr. made a misrepresentation in his application for insurance, and if so, whether Auto Club's evidence established that the misrepresentation was material.

Addressing the misrepresentation issue first, Auto Club contends that it presented sufficient evidence to establish that David Sr. made a misrepresentation in his application for insurance. We agree.[3] Auto Club's application asked David Sr. to list "all resident relatives (including unlicensed

---

[3] Several appellees argue that Auto Club's failure to timely provide David Sr.'s application for insurance precluded the trial court, and by extension precludes this Court, from considering the application. While appellees are correct that Auto Club failed to timely produce David Sr.'s

resident relatives),” and stated in all capital letters, bolded and italicized, that “***RELATIVES OF THE NAMED INSURED(S) LIVING IN THE HOUSEHOLD MUST BE LISTED ON THE POLICY.***”  Despite this, David Sr. did not list David Jr.—who had been living with David Sr. for the past 20 years—on his application for insurance.  This clearly constituted a misrepresentation; David Sr. represented that his household consisted of only himself and his wife, but in reality, it consisted of himself, his wife, and David Jr.  The trial court reasoned that David Sr. did not make a misrepresentation in his application for insurance because he answered all of the underwriting-eligibility questions honestly, and the application did not ask any explicit questions about resident relatives.  While that is all true, it does not change the fact that the application clearly required David Sr. to list all resident relatives, and David Sr. failed to list David Jr., despite him being a resident relative.  In response to this evidence, the nonmoving parties failed to present any evidence tending to establish that David Sr. did not make a misrepresentation in his application for insurance.  It follows that, on the record as it now stands, there is no question of fact that David Sr. made a misrepresentation in his application for insurance.

Appellees rightly complain on appeal that, when they responded to Auto Club’s motion for summary disposition, they did not have the benefit of reviewing David Sr.’s application for insurance because Auto Club had not yet provided it.  Having now reviewed the document, appellees raise several concerns with it, including that the application shows that Auto Club’s agent assisted David Sr. in filling out the application, and that David Sr. only signed the last page.  Appellees reasonably contend that these facts give rise to questions about whether David Sr. or the agent filled out the application, and whether David Sr. even read the application before signing it.  The answers to these questions, however, cannot create a question of fact whether David Sr. made a misrepresentation in his application for insurance because David Sr. clearly signed the last page of the application, and in so doing, affirmed that the information in the application was true.  See *Webb v Progressive Marathon Ins Co*, 335 Mich App 503, 509; 967 NW2d 841 (2021) (explaining that “even if it is true that [the insurer] completed the application and [the insured] did not read it, [the insurer is] still entitled to an order that [the insured] committed fraud in connection with the application for insurance”); *Montgomery v Fidelity & Guaranty Life Ins Co*, 269 Mich App 126, 129-130; 713 NW2d 801 (2005) (“Whether it was plaintiff, the decedent, or the agent who misrepresented the decedent’s tobacco use on the application is not material because plaintiff and the decedent signed the authorization, stating that they had read the questions and answers in the application and that the information provided was complete, true, and correctly recorded.”).

Whether Auto Club established that David Sr.’s misrepresentation was material is a much closer question.  Our Supreme Court has provided the following guidance for determining whether a representation was material:

---

application for insurance, the trial court considered the application, and when this Court reviews a trial court’s decision on a motion for summary disposition, it generally considers the same evidence that the trial court did.  See *Pena v Ingham Co Rd Comm’n*, 255 Mich App 299, 313 n 4; 660 NW2d 351 (2003) (explaining that this Court reviews “the evidence presented to the trial court at the time [the dispositive] motion was decided”).  We therefore consider David Sr.’s application for insurance, despite Auto Club’s failure to timely provide it.

The generally accepted test for determining the materiality of a fact or matter as to which a representation is made to the insurer by an applicant for insurance is to be found in the answer to the question whether reasonably careful and intelligent underwriters would have regarded the fact or matter, communicated at the time of effecting the insurance, as substantially increasing the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium. [*Keys v Pace*, 358 Mich 74, 82; 99 NW2d 547 (1959) (quotation marks, citation, and emphasis omitted).]

In support of its materiality argument on appeal, Auto Club relies on the August 16 letter it sent to David Sr., which stated that Auto Club "would have issued a policy at a higher premium or not at all if" David Sr. had been truthful in his application for insurance.

Some appellees raise the argument that Auto Club is precluded from faulting the trial court for not considering Auto Club's August 16 letter as support for Auto Club's assertion that David Sr.'s misrepresentation was material because Auto Club did not identify the letter as support for that assertion in the trial court. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 376-378; 775 NW2d 618 (2009). We need not reach this issue, however, because we conclude that, regardless of whether Auto Club can rely on the August 16 letter on appeal to establish that David Sr.'s misrepresentation was material, and regardless of whether that letter actually establishes that David Sr.'s misrepresentation was material, the trial court correctly denied Auto Club's motion for summary disposition because a grant of summary disposition at this time would be premature.

As a general matter, it is premature to grant summary disposition under MCR 2.116(C)(10) before discovery on a disputed issue is complete. *Powell-Murphy v Revitalizing Auto Communities Envtl Response Tr*, 333 Mich App 234, 253; 964 NW2d 50 (2020). But the nonmoving party cannot prevail on a (C)(10) motion filed before the close of discovery merely by arguing that the motion is premature. *Id*. Rather, the nonmoving party must demonstrate that "further discovery presents a fair likelihood of uncovering factual support for the [nonmoving parties'] position." *Id*. (quotation marks and citation omitted).

That is the case here. Auto Club moved for summary disposition so early in this litigation that, by the time the nonmoving parties had to file their responses to Auto Club's motion, Auto Club had not even turned over its underwriting file. Given this, it should come as no surprise that, when the nonmoving parties responded to Auto Club's motion, they had not yet deposed any of Auto Club's underwriters to determine whether Auto Club would have charged a higher premium or not insured David Sr. had he been truthful in his application for insurance. This is particularly relevant because, at the hearing on Auto Club's motion for summary disposition, Auto Club's counsel suggested that Auto Club's underwriters had *not* reviewed David Sr.'s file to make these determinations.[4] This arguably creates a question of fact whether David Sr.'s misrepresentation

---

[4] Auto Club's counsel stated, "Also for us to say, well, we would have charged X amount more, I mean, they have to go back and figure that out and possibly ask more questions now that they

was material because it casts doubt on whether Auto Club's underwriters reviewed David Sr.'s file to determine that Auto Club would have, in fact, charged David Sr. a higher premium but for his misrepresentation. But short of creating a question of fact, this concession by Auto Club's counsel certainly supports that further discovery presents a fair likelihood of uncovering factual support for the nonmoving parties' position. Accordingly, concluding that there is no question of fact that David Sr. made a *material* misrepresentation in his application for insurance at this stage—before the close of discovery—would be premature, and the trial court properly denied Auto Club's motion for summary disposition, albeit not on the correct grounds.

## V. BALANCING THE EQUITIES

Even if Auto Club established that it *was* entitled to rescind the policy it issued to David Sr., that still leaves the question whether equity favored extending that rescission to David Jr. as an innocent third party. This question came before the trial court not only in Auto Club's motion for summary disposition but as part of Citizens' request to be dismissed from the case. As will be explained, given that this issue came before the court in competing motions for summary disposition, the trial court was required to conduct two separate analyses.

"Rescission abrogates a contract and restores the parties to the relative positions that they would have occupied if the contract had never been made." *Bazzi*, 502 Mich at 409. "[I]nsurers are not categorically entitled to rescission." *Pioneer*, 331 Mich App at 410 (quotation marks and citation omitted). Rather, whether to grant rescission is within a court's discretion. *Id*. When a court decides whether to grant rescission, it "must balance the equities." *Bazzi*, 502 Mich at 410 (quotation marks and citation omitted). If there are "two equally innocent parties" affected by the rescission, then the court weighs the equities "to determine which blameless party should assume the loss." *Id*. at 410-411 (quotation marks and citation omitted). Because no party raises an argument to the contrary, we assume for purposes of this appeal that Auto Club was an innocent insurer and David Jr. was an innocent third party to Auto Club's policy with David Sr.

In cases like this—where an insured procured an insurance policy through fraud[5]—the question is whether the innocent third party or the innocent insurer "should bear the ultimate burden of the insured's fraud." *Farm Bureau Gen Ins Co of Michigan v ACE Am Ins Co*, 503 Mich 903, 903 (2018) (MARKMAN, J., concurring) (*Farm Bureau I*). In his concurrence in *Farm Bureau I*, Justice MARKMAN listed five "nonexclusive" factors that courts could consider in determining this "ultimate issue." *Id*. In *Pioneer*, this Court adopted those factors and condensed them into the following:

> (1) the extent to which the insurer could have uncovered the subject matter of the fraud before the innocent third party was injured; (2) the relationship between the fraudulent insured and the innocent third party to determine if the third party had

---

know this person is there and he's got a bad driver record, maybe they wouldn't have insured them at all."

[5] For purposes of this analysis, we assume that Auto Club is entitled to rescind its policy with David Sr. on the basis of David Sr.'s purported fraud when procuring the policy.

-10-

some knowledge of the fraud; (3) the nature of the innocent third party's conduct, whether reckless or negligent, in the injury-causing event; (4) the availability of an alternate avenue for recovery if the insurance policy is not enforced; and (5) a determination of whether policy enforcement only serves to relieve the fraudulent insured of what would otherwise be the fraudulent insured's personal liability to the innocent third party. [*Pioneer*, 331 Mich App at 411.]

This Court later cautioned, however, that these "factors are not to be merely counted up," but are instead to be weighed in an effort to determine "which innocent party should bear the" burden of the insured's fraud. *Farm Bureau Gen Ins Co of Mich v ACE American Ins Co*, 337 Mich App 88, 108; 972 NW2d 325 (2021) (*Farm Bureau II*). See also *Farm Bureau I*, 503 Mich at 903. The party seeking rescission has the burden of establishing that rescission is warranted. *Farm Bureau II*, 337 Mich App at 100.

As stated above, the trial court addressed whether the equities favored rescinding Auto Club's policy with respect to David Jr. in the context of competing motions for summary disposition. To the extent that the trial court weighed the equities as part of addressing Auto Club's motion for summary disposition, Auto Club was the moving party, and the trial court had to consider the evidence in the light most favorable to the nonmoving parties. See *Allison*, 481 Mich at 425. But to the extent that the trial court weighed the equities as part of addressing Citizens' request to be dismissed, Citizens was the moving party, and the trial court had to consider the evidence in the light most favorable to Auto Club as the nonmoving party. See *id*. Reviewing the trial court's ruling, we conclude that the trial court properly viewed the evidence in the light most favorable to the nonmoving parties to conclude that Auto Club was not entitled to summary disposition. But that was the only analysis the trial court conducted—the court did not conduct a separate analysis to consider Citizens' request to be dismissed. It follows that, when the trial court granted Citizens' request for dismissal, it never viewed the evidence in the light most favorable to Auto Club as a nonmoving party.

## A. AUTO CLUB'S MOTION

We first address the trial court's analysis of whether, assuming Auto Club established that it was entitled to rescind its policy with David Sr., the equities favored extending that rescission to David Jr.

The trial court reasoned that the first *Pioneer* factor—the extent to which Auto Club could have uncovered David Sr.'s misrepresentation before David Jr. was injured—weighed against rescission because "no resident household question [was] asked in [Auto Club's] application," and this "simple question . . . would have uncovered any alleged fraud as to who are all your drivers in the household." The trial court was correct that Auto Club's application for insurance did not explicitly ask David Sr. any questions about the other members of his household. And it is not unreasonable to infer that David Sr. would have been more likely to disclose all of his household relatives had he been asked an explicit question about them. Accordingly, viewing the evidence in the light most favorable to the nonmoving parties, the court reasonably concluded that Auto Club could have done more to uncover David Sr.'s fraud, meaning that the first factor weighed against rescission.

-11-

Auto Club's argument against this result clearly views the evidence in the light most favorable to Auto Club, which is improper. Auto Club contends that, because its application required David Sr. to disclose resident relatives like David Jr., there was nothing more it could have done short of "conduct[ing] surveillance of the Wells' home." While we agree with Auto Club insofar as its application required David Sr. to disclose that David Jr. was living with him, we discern no error with the trial court's reasoning that Auto Club's application could have asked for this information more directly. Given this, we agree with the trial court that, when the evidence is viewed in the light most favorable to the nonmoving parties, the first factor weighs against rescission, however slightly.

For the second factor—the relationship between David Sr. and David Jr. to determine whether David Jr. had some knowledge of David Sr.'s fraud—the trial court concluded that it weighed against rescission because, despite David Jr. and David Sr.'s familial relationship, "there is no evidence or deposition testimony indicating [David Jr.] had any knowledge as to the parents' insurance policy or what questions were asked of them or who partook in the fraud in any way." Once again, viewing the evidence in the light most favorable to the nonmoving parties, the trial court's reasoning is sound. While it is true that David Jr. and David Sr. had a close familial relationship, David Jr. testified that he had no knowledge about what David Sr. stated in his application for insurance. This in turn supports that David Jr. had no knowledge of David Sr.'s fraud, despite their close relationship.

Arguing against this result, Auto Club again views the evidence in the light most favorable to itself. Auto Club contends that the close relationship between David Jr. and David Sr. entitled Auto Club to a presumption that David Jr. knew of David Sr.'s fraud. See *Farm Bureau II*, 337 Mich App at 105 (explaining that the second factor "looks to the relationship between the insured and the third party, suggesting that a close relationship allows for an inference that the third party knew of the fraud"). While Auto Club is not wrong, the trial court was faced with competing evidence on this point. On the one hand, there was the presumption that David Jr. knew about David Sr.'s fraud given their close relationship. On the other hand, there was David Jr.'s testimony that he had no knowledge about what David Sr. stated in his application for insurance. Viewing this competing evidence in the light most favorable to the nonmoving parties, it supports that the second factor weighed against rescission.

For the third factor—the nature of David Jr.'s conduct, whether reckless or negligent, in the injury-causing event—the trial court concluded that it weighed against rescission because the only evidence in the record suggested that David Jr. "was not in an[y] way involved in causing this accident." This conclusion was well-supported, as the only evidence in the record suggests that David Jr. was rear-ended while waiting at a traffic light.

Turning to the fourth factor—the availability of an alternate avenue for recovery if the insurance policy is not enforced—the trial court concluded that this factor weighed against rescission because, if Auto Club's policy was rescinded as to David Jr., "Citizens would file its own motion because he should have been listed as a resident relative, and as a result, there would be no coverage through" Citizens. In other words, the court concluded that David Jr. did not have an alternate avenue for recovery if Auto Club's policy was not enforced because Citizens could avoid liability. Even when the evidence is viewed in the light most favorable to the nonmoving parties, this conclusion was incorrect as a matter of law. If David Jr. is unable to claim benefits

through Auto Club's policy, he is eligible to claim benefits through Citizens, so, viewing the evidence in the light most favorable to the nonmoving parties, the trial court should have weighed the fourth factor in favor of rescission.

While the trial court's reasoning is difficult to follow, several appellees contend that the trial court believed that Citizens would not be liable for David Jr.'s benefits if Auto Club's policy was not enforced because the court credited Auto Club's opt-out argument—that benefits were not available to David Jr. because David Sr. opted out of benefits in his policy with Auto Club under MCL 500.3107d(1). It is clear that any argument based on MCL 500.3107d(1) is misplaced, however, because David Sr. did not select a policy under that statute.[6] MCL 500.3107d(1) states:

> For an insurance policy that provides the security required under section 3101(1) and is issued or renewed after July 1, 2020, the applicant or named insured may, in a way required under section 3107e and on a form approved by the director, elect to not maintain coverage for personal protection insurance benefits payable under section 3107(1)(a) if the applicant or named insured is a qualified person, and if the applicant's or named insured's spouse and any relative of either that resides in the same household have qualified health coverage or have coverage for benefits payable under section 3107(1)(a) from an insurer that provides the security required by section 3101(1).

MCL 500.3107(1)(a) addresses "allowable expenses," so a policy under MCL 500.3107d(1) is not required to maintain coverage for allowable expenses if certain conditions are met. Those conditions include that the "applicant or named insured is a qualified person," and MCL 500.3107d(7)(c) defines a qualified person as "a person who has qualified health coverage" as provided in MCL 500.3107d(7)(b)(*ii*).

Coverage under MCL 500.3107d(1) is similar to, but distinct from, coverage available under MCL 500.3109a(2), which states in relevant part, "For an insurance policy issued or renewed after July 1, 2020, the insurer shall offer to an applicant or named insured that selects a personal protection benefit limit under section 3107c(1)(b) an exclusion related to qualified health coverage," so long as certain conditions are satisfied. See MCL 500.3109a(2)(a) though (e). MCL 500.3107c(1)(b) provides that an applicant can choose a coverage level with a limit of $250,000 for benefits.

Reviewing David Sr.'s PIP-selection form, it is clear that he opted for coverage under MCL 500.3109a(2), not MCL 500.3107d(1). David Sr. selected "Option 4" on his PIP-selection form,

---

[6] Appellees make much of the fact that Auto Club withdrew its opt-out argument in the trial court, but we fail to see why that is significant. Auto Club's opt-out argument presented a question of law, so the trial court had an independent responsibility to decide whether the argument had merit. This would be true even if all the parties agreed with the argument (which they did not). See *In re Estate of Finlay*, 430 Mich 590, 595; 424 NW2d 272 (1988) ("It is well established that a court is not bound by the parties' stipulations of law."). The question, therefore, is whether the trial court was correct as a matter of law to credit the opt-out argument.

and that option provided coverage of $250,000 "with some or all persons excluded from PIP allowable expenses coverage." (Emphasis omitted.) One of the risks listed for this option was that "anyone you exclude will not have PIP allowable expenses coverage." (Emphasis omitted.) In contrast, "Option 6" on the form provided, "No PIP allowable expenses coverage for anyone covered by this policy." (Emphasis added.) And one of the listed risks for this option was that "no PIP allowable expenses coverage will be provided under your policy." (Emphasis omitted.) On the basis of the foregoing, it is clear that "Option 4" (which David Sr. selected) offered coverage under MCL 500.3109a(2), while "Option 6" (which David Sr. did not select) offered coverage under MCL 500.3107d(1). Accordingly, Citizens' opt-out argument is misplaced.

Citizens insists that the fourth factor did not support rescission because, if David Jr. had to claim benefits through an MACP-assigned insurer like Citizens, then his benefits would be capped. See MCL 500.3172(7). It is not apparent that this is a relevant consideration for the fourth factor (as opposed to a separate factor that courts can consider when weighing the equities), but to the extent that this consideration is relevant to the fourth factor, it appears that David Jr. could claim up to $250,000 in benefits through the MACP. See MCL 500.3172(7)(a) (stating that benefits are capped at "the limit provided in section 3107c(1)(b)"); MCL 500.3107c(1)(b) (stating a $250,000 limit on benefits). This is the same level of coverage available under David Sr.'s policy with Auto Club, so regardless of whether the level of available coverage is relevant to the fourth factor or is to be considered as its own factor, it does not weigh for or against rescission.

Turning to the fifth factor, all parties agree with the trial court that this factor does not apply.

To recap, to the extent that the trial court weighed the equities as part of considering Auto Club's motion for summary disposition, the trial court did not err by concluding that the first, second, and third factors weighed against rescission, but it did err by concluding that the fourth favor weighed against rescission. Despite this error, the trial court's conclusion that rescission was not warranted when the evidence was viewed in the light most favorable to the nonmoving parties was within the range of reasonable and principled outcomes, so we affirm that conclusion. To be clear, we hold only that the trial court properly denied Auto Club's motion for summary disposition because there exists a question of fact whether David Jr. is an innocent third party. Whether David Jr. was an innocent third party as a matter of law remains unresolved.[7]

### B. CITIZENS' REQUEST FOR DISMISSAL

As explained, the trial court conducted only a single analysis when it weighed the equities, and when it did so, it viewed the evidence in the light most favorable to the nonmoving parties, including Citizens. When the court considered Citizens' request for dismissal, however, Citizens

---

[7] The trial court also necessarily erred to the extent it held that Auto Club was "in the first order of priority and responsible for payment." Whether Auto Club is first in priority depends on whether Auto Club is entitled to rescind its policy, and whether that rescission would be effective as to David Jr. Both of these issues remain unresolved, and the parties will be required to litigate the issues on remand.

was the moving party, and the court had to view the evidence in the light most favorable to Auto Club as the nonmoving party. The court failed to do this. But, had the court done so, its analysis would have been significantly different.

For the first *Pioneer* factor—the extent to which Auto Club could have uncovered David Sr.'s misrepresentation before David Jr. was injured—Auto Club's application clearly required David Sr. to disclose any resident relatives, yet David Sr.'s application did not list David Jr. Viewing this evidence in the light most favorable to Auto Club, it is reasonable to conclude that David Sr. was concealing the fact that David Jr. was living with him. With that being the case, nothing that Auto Club asked in its application would have made a difference, contrary to the trial court's reasoning. And because "[t]he first factor does not impose a duty to investigate upon insurers," *Pioneer*, 331 Mich App at 413 n 6, there is nothing more that Auto Club needed to do. Accordingly, if the evidence is viewed in the light most favorable to Auto Club as the nonmoving party, then the first factor weighs in favor of rescission.

For the second factor—the relationship between David Sr. and David Jr. to determine whether David Jr. had some knowledge of David Sr.'s fraud—David Sr. and David Jr. had a close familial relationship. As this Court explained in *Farm Bureau II*, 337 Mich App at 105, "a close relationship allows for an inference that the third party knew of the fraud." The close relationship between David Sr. and David Jr. thus "allows for an inference" that David Jr. knew of David Sr.'s fraud in his application for insurance. *Id*. While David Jr. denied that he knew what information David Sr. provided in his application for insurance, viewing the evidence in the light most favorable to Auto Club, this factor was at least neutral.

For the third factor—the nature of David Jr.'s conduct, whether reckless or negligent, in the injury-causing event—we discern no error with the trial court's conclusion, even when viewing the evidence in the light most favorable to Auto Club. As explained, the only evidence in the record suggests that David Jr. was rear-ended while waiting at a traffic light. Given that this is the only evidence in the record about the circumstances of the injury-causing event, there is simply no basis to conclude that this factor weighs in favor of rescission.

The fourth factor—the availability of an alternate avenue for recovery if the insurance policy is not enforced—clearly weighs in favor of rescission for the reasons explained above. Namely, if David Jr. is unable to claim benefits through Auto Club's policy, he is eligible to claim benefits through Citizens, so David Jr. has an alternate avenue for recovery, and the fourth factor weighs in favor of rescission.

As the foregoing demonstrates, the trial court's analysis supporting its dismissal of Citizens from the case was fundamentally flawed. Citizens requested to be dismissed from the case, which made Citizens the moving party. So, when the court considered Citizens' request, it had to view the evidence in the light most favorable to Auto Club as the nonmoving party. If the court had done that, it would have concluded that the first and fourth factors weighed in favor of rescission, the second factor was at least neutral, and only the third factor weighed against rescission. In other words, if the trial court had viewed the evidence in the light most favorable to Auto Club, it would have concluded that Auto Club did everything it could within reason to discover David Sr.'s fraud, David Jr. may have known about David Sr.'s fraud given their close relationship, and David Jr. would still receive no-fault benefits if Auto Club's policy was not enforced. When the equities

-15-

are viewed in this way, it was outside the range of reasonable and principled outcomes for the court to conclude that the equities did not favor rescinding Auto Club's policy as to David Jr. as an innocent third party. The trial court therefore erred by granting Citizens' request for dismissal because, when the evidence is viewed in the light most favorable to Auto Club, there remains a question of fact whether David Jr. was an innocent third party.

## VI. CONCLUSION

For the reasons explained in this opinion, we affirm the trial court's denial of Auto Club's motion for summary disposition because (1) Auto Club's motion for summary disposition was premature and (2) even if Auto Club was entitled to rescind its policy with David Sr., there is a question of fact whether David Jr. was an innocent third party. But we reverse the court's dismissal of Citizens because, again, we conclude that there is a question of fact whether David Jr. was an innocent third party. If the trial court concludes that Auto Club was entitled to rescind its policy with David Sr., then whether that rescission is effective as to David Jr. will likely need to be resolved after an evidentiary hearing. This case is remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.


/s/ Christopher P. Yates
/s/ Colleen A. O'Brien
/s/ Kathleen A. Feeney